717 F.2d 1293
 114 L.R.R.M. (BNA) 2984, 98 Lab.Cas. P 10,480
 PAINTING AND DECORATING CONTRACTORS ASSOCIATION OF
SACRAMENTO, INC., a California non-profit
corporation, Plaintiff-Appellee,
v.
PAINTERS AND DECORATORS JOINT COMMITTEE OF the EAST BAY
COUNTIES, INC., a California non-profit corporation;
Painting and Decorating Contractors of California, Inc., a
California non-profit corporation; Painting and Decorating
Contractors Association of Napa-Solano Counties, Inc., a
California non-profit corporation; Painting and Decorating
Contractors Association of the East Bay Counties, Inc., a
California non-profit corporation; and District Council of
Painters No. 16, an unincorporated labor organization,
Defendants-Appellants.
 No. 82-4469.
 United States Court of Appeals,
Ninth Circuit.
 Oct. 4, 1983.
 
 Robert C. Nicholas, Haas & Najarian, San Francisco, Cal., for plaintiff-appellee.
 David A. Rosenfeld, Van Bourg, Allen, Weinberg & Roger, San Francisco, Cal., for defendants-appellants.
 Appeal from the United States District Court for the Northern District of California.
 Before MERRILL, CHOY and ALARCON, Circuit Judges.
 
 ORDER
 
 1
 In our Opinion in this case, 707 F.2d 1067, we held that the lower court properly had jurisdiction over a nonsignatory to a labor agreement under Sec. 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. Sec. 185(a). We stated, "All that is required for jurisdiction to be proper under Sec. 301(a) is that the suit be based on an alleged breach of contract between an employer and a labor organization and that the resolution of the lawsuit be focused upon and governed by the terms of the contract." 707 F.2d at 1071. We further held that the lower court was not precluded by the Norris-La Guardia Act, 29 U.S.C. Secs. 101-115, from issuing an injunction in this dispute, since the conflict is not a "labor dispute" within the meaning of that Act. 707 F.2d at 1070.
 
 
 2
 In its petition for rehearing, appellant Joint Committee argues that the two holdings noted above are irreconcilable. The Joint Committee maintains that Sec. 301(a) jurisdiction is limited to "labor disputes." Although Sec. 301(a) is not so limited by its terms,[1] it was enacted as part of the same Act that elsewhere defined "labor dispute" in the same language as Norris-La Guardia. Compare LMRA Secs. 101(9), 501(3), 29 U.S.C. Secs. 142(3), 152(9), with Norris-La Guardia Sec. 13(c), 29 U.S.C. Sec. 113(c).
 
 
 3
 Interestingly, we have found no case that specifically addresses the point raised by the Joint Committee. Three cases, two from our court and one from the Second Circuit, have held that Sec. 301(a) gave jurisdiction to issue an injunction where the conduct to be enjoined was not among the specific acts listed in Sec. 4 of Norris-La Guardia, 29 U.S.C. Sec. 104, and where the injunction would not be at variance with the policy expressed by Norris-La Guardia. Local 2750, Lumber & Sawmill Workers Union v. Cole, 663 F.2d 983 (9th Cir.1981); Retail Clerks Union Local 1222 v. Alfred M. Lewis, Inc., 327 F.2d 442, 446-48 (9th Cir.1964); Drywall Tapers and Pointers, Local 1974 v. Operative Plasterers' and Cement Masons' International Association, 537 F.2d 669, 673-74 (2d Cir.1976). None of these cases held that the litigation before it was not a "labor dispute" as defined by Norris-La Guardia, although the Alfred M. Lewis court did state that its case was a "labor dispute" "only in the most refined and technical sense." 327 F.2d at 448. One district court specifically found Sec. 301(a) jurisdiction in the absence of a "labor dispute," but did not discuss any possible conflict between those two holdings. United Brotherhood of Carpenters & Joiners of America v. Albany, Schenectady, Troy & Vicinity District Counsel [sic], 553 F.Supp. 55, 58 n. 4 (N.D.N.Y.1982).
 
 
 4
 The proper response to the Joint Committee's argument is simply that it is a non sequitur. The Norris-La Guardia Act and Sec. 301(a) play distinct and separate roles in national labor policy. The Norris-La Guardia Act was enacted to remedy the indiscriminate use of injunctions as a means of disrupting the organization and progress of labor unions. See Boys Markets, Inc. v. Retail Clerks Union, Local 770, 398 U.S. 235, 250-51, 90 S.Ct. 1583, 1592-93, 26 L.Ed.2d 199 (1970); Alfred M. Lewis, 327 F.2d at 447; F. Frankfurter & N. Greene, The Labor Injunction (1930). Section 301(a), on the other hand, serves to promote industrial peace and responsibility by permitting agreements between labor organizations and employers to be enforced in federal court. Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 454-55, 77 S.Ct. 912, 916-17, 1 L.Ed.2d 972 (1957). Additionally, Sec. 301(a) jurisdiction allows the development of a body of labor law that gives consistent and uniform interpretations of labor contract terms. See Local 174, Teamsters v. Lucas Flour Co., 369 U.S. 95, 103, 82 S.Ct. 571, 576, 7 L.Ed.2d 593 (1962). These important purposes have consistently justified a broad interpretation of Sec. 301(a). See, e.g., Smith v. Evening News Association, 371 U.S. 195, 199-200, 83 S.Ct. 267, 269-270, 9 L.Ed.2d 246 (1962); Seay v. McDonnell Douglas Corp., 427 F.2d 996, 1000-01 (9th Cir.1970).
 
 
 5
 Section 301(a) is neither specifically nor implicitly limited in its reach to labor disputes, however defined. Although cases adjudicated under Sec. 301(a) will often, or usually, involve labor disputes as defined by Norris-La Guardia and the LMRA, a labor dispute is not a prerequisite for jurisdiction.
 
 
 6
 The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.
 
 
 
 [1]
 Section 301(a), 29 U.S.C. Sec. 185(a), reads:
 Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.